UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINCENT FERRANTI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | Case No. 5:13-CV-03847-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket Item No. 39]** |

Before this court is Defendant Hewlett-Packard Company's ("HP") Motion to Dismiss Plaintiffs Vincent Ferranti and Carlos Martinho's ("Plaintiffs") First Amended Class Action Complaint. Having carefully considered the relevant documents, the court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7–1(b). The hearing scheduled for September 19, 2014 will, therefore, be VACATED. For the reasons stated below, HP's motion is GRANTED.

**I.  BACKGROUND**

The First Amended Class Action Complaint contains allegations by Plaintiff Vincent Ferranti, Plaintiff Carlos Martinho, and on behalf of the purported class. Plaintiffs allege that in March 2009, HP released the printer OfficeJet Pro 8500 Wireless. First Am. Compl. ("FAC"), Dkt. No. 16 at ¶ 20. Almost immediately, through HP support online forums, HP began to receive complaints about a defect in the printer whereby the printers were designed and/or manufactured in a way that the wireless function failed during normal use. Id. at ¶¶ 17, 21-23, 25. Moreover,

Case No. 5:13-CV-03847-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

various websites gave the printer poor reviews due to the performance of the wireless function. Id. at ¶¶ 24, 27-28. In November 2011, HP released the printer OfficeJet Pro 8600 Wireless, which had the same defective wireless technology as the OfficeJet Pro 8500 Wireless. Id. at ¶ 29. Online reviews for the OfficeJet Pro 8600 Wireless were also poor. Id. at ¶¶ 30-31.

The printers allegedly come with HP's Limited Warranty that warrants the product is free from defects in materials and workmanship, and it covers defects arising from normal use of the product. Id. at ¶ 33. It is valid for one year from date the printer was purchased, or valid for one year from the date the printer was replaced through the warranty. Id. at ¶ 34. The warranty provides that HP will repair or replace the product, or refund the purchase price. Id. at ¶ 35.

Plaintiff Mr. Ferranti alleges that on March 25, 2009, he "obtained" a defective HP 8500 Wireless printer as a warranty replacement for a different model HP printer that was also defective. Id. at ¶ 39. Mr. Ferranti soon noticed that the printer's wireless function did not work and he contacted HP. Id. at ¶ 40. HP told him that the printer was covered under the warranty, which began on the date he obtained the printer, and proceeded to offer technical support that was unsuccessful. Id. On September 27, 2009, Mr. Ferranti exchanged his HP 8500 Wireless printer for the same model. Id. at ¶ 41. On multiple occasions between April 2010 and May 2013, Mr. Ferranti contacted HP's Tech Support to notify them of the defect, and to request a repair or replacement. Id. at ¶ 43. HP allegedly was never able to repair the defect, but instead offered temporary solutions. Id. at ¶ 44. During one of the phone calls, an HP Tech Support agent told Mr. Ferranti that the malfunction was caused by a hardware defect that would continue to be a problem and would become worse. Id. at ¶ 45. The agent offered Mr. Ferranti a discount off a new printer, but not a full refund as required by the warranty if HP was unable to repair or replace a defective printer. Id. at ¶ 45.

Plaintiff Mr. Martinho alleges that on December 22, 2009, he purchased an HP 8500 Wireless printer. Id. at ¶ 49. When he installed the printer, he realized that the wireless function was not working. Id. On December 28, 2009, Mr. Martinho went back to the store and exchanged the printer for another HP 8500 Wireless printer, but then found that this second printer also had

2
Case No. 5:13-CV-03847-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

problems with its wireless function. Id. at ¶ 50.  Since the purchase of the first printer, he had called HP customer support on various occasions and was told that the wireless connection on the printers was a known issue. Id. at ¶ 51.  Following the instructions from HP's representatives, he downloaded and installed ten software patches, none of which was successful in resolving the problem. Id.  On January 10, 2010, Mr. Martinho purchased an HP 8600 Wireless printer. Id. at ¶ 52.  After one week of using this third printer, Mr. Martinho found that it, too, had problems with the wireless function, thus he contacted HP customer support. Id.  Because HP failed to fix it, Mr. Martinho was unable to use the printer's wireless function. Id.

As to the putative class, the complaint identifies two groups: the "Class" and "Subclass A." Id. at ¶ 53.  The Class consists of: "All persons and entities in the United States (including its Territories and the District of Columbia) who currently own or lease or formerly owned or leased an HP Officejet Pro 8500 or 8600 Wireless All-in-One printer." Id.  Subclass A consists of: "All Class Members who notified HP of the Defect during the term of the Warranty." Id.  Excluded from either of these groups are HP and individuals and entities related to it, and all federal court judges who may preside over this case, as well as their staff and immediate family members. Id.  The complaint states that if this court finds that California consumer protection law should not be uniformly applied, then Plaintiffs propose two subclasses: (1) an Arizona subclass represented by Plaintiff Mr. Ferranti for class members who purchased or leased the printers in Arizona; and (2) a New York subclass represented by Plaintiff Mr. Martinho for class members who purchased or leased the printers in New York. Id. at ¶ 54.

Plaintiffs commenced the instant action on August 20, 2013, which was assigned to Judge Lucy Koh. See Dkt. No. 1.  After HP filed a motion to dismiss, Plaintiffs filed the present First Amended Class Action Complaint in November 2013. See Dkt. Nos. 13, 16.  After Judge Koh recused herself, this case was reassigned to the undersigned judge. See Dkt. Nos. 36-37.  HP filed the instant Motion to Dismiss on May 28, 2014. See Dkt. No. 39.  Plaintiffs filed an opposition brief, and HP filed a reply brief. See Dkt. Nos. 40-41.

Plaintiffs allege that HP: (1) refuses to properly repair printers under the warranty; (2)

3
Case No. 5:13-CV-03847-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  refuses to replace the defective printers with non-defective printers; (3) refuses to refund the
2  purchase price; and (4) fails to disclose that the malfunction of the printers' wireless function is
3  due to a defect. Id. at ¶¶ 36, 38. The First Amended Complaint consists of the following claims:
4  (1) violation of the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, et
5  seq.; (2) for unlawful, unfair, and fraudulent business practices under California's Unfair
6  Competition Law ("UCL"), Business and Professions Code § 17200, et seq.; (3) on behalf of
7  Subclass A for breach of express warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §
8  2301, et seq.; (4) on behalf of Subclass A for breach of express warranty; (5) in the alternative, by
9  Plaintiff Mr. Ferranti on behalf of Arizona Subclass for violation of the Arizona Consumer Fraud
10 Act, A.R.S. § 44-1522; and (6) in the alternative, by Plaintiff Mr. Martinho on behalf of New York
11 Subclass for violation of the New York General Business Law § 349. FAC at ¶¶ 62-116.
12 Plaintiffs seek actual and punitive damages, and attorneys' fees. Id. at ¶¶ 117-118.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242,

4
Case No. 5:13-CV-03847-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Fraud-based claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

### III. DISCUSSION

#### A. Statute of Limitations

Although a Rule 12(b)(6) motion cannot generally be used to raise an affirmative defense, it may be the proper vehicle to raise a complete defense or bar to recovery appearing on the face of the complaint, such as the expiration of the statute of limitations. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). A motion to dismiss based on the running of the statute of limitations may be granted "only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Pisciotta v. Teledyne

1   Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).

2   　　　　Here, HP argues that Plaintiffs' CLRA and UCL claims are time barred.  Each will be
3   addressed in turn.

4   　　　　1.　　　Consumers Legal Remedies Act

5   　　　　Under the CLRA, several "unfair methods of competition and unfair or deceptive acts or
6   practices undertaken by any person in a transaction intended to result or which results in the sale
7   or lease of goods or services to any consumer are unlawful."  Cal. Civ. Code § 1770(a).  The
8   statute of limitations is "three years from the date of the commission of such method, act, or
9   practice."  Id. at § 1783.  Under California law, "the limitations period, the period in which a
10  plaintiff must bring suit or be barred, runs from the moment a claim accrues."  Aryeh v. Canon
11  Bus. Solutions, Inc., 55 Cal. 4th 1185, 1191 (2013).  If there are no equitable exceptions, then a
12  claim accrues upon "the occurrence of the last element essential to the cause of action."  Id.

13  　　　　In its motion, HP argues that the accrual of the CLRA claim began when Plaintiffs first
14  learned that their printers suffered from wireless connectivity problems.  Dkt. No. 39 at 5.
15  Plaintiffs, however, argue that the delayed discovery rule should apply whereby the accrual of a
16  claim is postponed until "the plaintiff discovers, or has reason to discover, the cause of action."
17  Dkt. No. 40 at 12 (citing Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1024 (9th Cir.
18  2008)).  In Clemens, the Ninth Circuit stated that under the discovery rule, "the start of the
19  limitations period is postponed only if [the plaintiff] has made an affirmative showing that he
20  lacked inquiry notice and subsequently gained such notice less than three years before filing his
21  action."  Clemens, 534 F.3d at 1024-25 (the three-year statute of limitations in Clemens pertains to
22  a Civil Code fraud claim under Cal. Code of Civ. P. § 338(d)).  To invoke the discovery rule, "the
23  plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the
24  inability to have made earlier discovery despite reasonable diligence."  Yumul v. Smart Balance,
25  Inc., 733 F. Supp. 2d 1134, 1141 (C.D. Cal. 2010).

26  　　　　In Plaintiffs' complaint, Mr. Ferranti alleges that he noticed the wireless connectivity
27  problem shortly after he acquired the printer in March 2009.  FAC at ¶¶ 39-40.  After receiving

28  
6
Case No. 5:13-CV-03847-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    technical support, he exchanged his printer for another one of the same model in September 2009.

2    Id. at ¶¶ 40-41. On multiple occasions between April 2010 and May 2013, Mr. Ferranti contacted

3    technical support regarding the alleged defect. Id. at ¶ 43.

4          Even when applying the discovery rule, the complaint does not allege when Mr. Ferranti

5    discovered the defect. It suggests that, at the latest, Mr. Ferranti discovered the defect in

6    September 2009, which would allow him to file a complaint by September 2012. He did not file

7    the complaint, however, until August 2013. Moreover, given the allegations that consumer

8    complaints were posted on HP Support Forums as early as April 2009 and continued throughout

9    the years, it is difficult to conceive that Mr. Ferranti had the inability to have made earlier

10   discovery despite reasonable diligence so as to justify the use of the discovery rule. See FAC at ¶¶

11   23, 25. For these reasons, HP's motion to dismiss Mr. Ferranti's CLRA claim is GRANTED.

12         In Plaintiffs' complaint, Mr. Martinho alleges that he realized his printer's wireless

13   function was not working in December 2009. FAC at ¶¶ 49-50. He then exchanged this printer

14   with a second printer that also had problems with its wireless function. Id. at ¶ 50. Mr. Martinho

15   then purchased a third printer in January 2010 that suffered from the same problem. Id. at ¶ 52.

16         Likewise, even when applying the discovery rule, the complaint does not allege when Mr.

17   Martinho discovered the defect. It suggests that, at the latest, he discovered the defect in January

18   2010 when he acquired the third printer, which would allow him to file a complaint by January

19   2013. Given that he filed the complaint months later, HP's motion to dismiss Mr. Martinho's

20   CLRA claim is GRANTED.

21         2.    Unfair Competition Law

22         Under the UCL, unfair competition including "any unlawful, unfair or fraudulent business

23   act or practice and unfair, deceptive, untrue or misleading advertising" is prohibited. Cal. Bus. &

24   Prof. Code § 17200. The statute of limitations for an unfair competition claim is "four years after

25   the cause of action accrued." Id. at § 17208. UCL claims are governed by the default last element

26   accrual rule in which a claim is accrued when it is complete with all of its elements—wrongdoing,

27   harm, and causation. Aryeh, 55 Cal. 4th at 1197 (citation omitted).

28

United States District Court
Northern District of California

1    HP argues that Plaintiff Mr. Ferranti's claim accrued at the time of sale because HP's

2 alleged failure to disclose the defect at the time of purchase completed the elements of the claim.

3 Dkt. No. 39 at 7.  In their opposition, Plaintiffs raise the delayed discovery rule argument, which

4 also applies to UCL claims.  Dkt. No. 40 at 12.  See Aryeh, 55 Cal. 4th at 1196.

5    Applying the default last element accrual rule, Mr. Ferranti's claim began to accrue when

6 he purchased[1] the first alleged defective printer in March 2009, thus having until March 2013 to

7 file a complaint.  There is no justification to apply the delayed discovery rule given that this claim

8 suffers from the same pleading deficiencies as the CLRA claim above.  For these reasons, HP's

9 motion to dismiss this claim is GRANTED.

10   **B.    Plaintiff Mr. Martinho's UCL Claim**

11   HP does not argue that Plaintiff Mr. Martinho's UCL claim is time barred, thus it survives

12 for further analysis.  Mr. Martinho's UCL claim sounds in fraud and is, thus, subject to the

13 heightened pleading requirement of Rule 9(b).  See Kearns v. Ford Motor Co., 567 F.3d 1120,

14 1125 (9th Cir. 2009).

15   In a UCL omissions case, plaintiff must allege a duty to disclose: "Absent a duty to

16 disclose, the failure to do so does not support a claim under the fraudulent prong" of UCL.

17 Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1557 (2007).  To be actionable,

18 "the omission must be contrary to a representation actually made by the defendant, or an omission

19 of a fact the defendant was obliged to disclose."  Daughtery v. Am. Honda Motor Co., 144 Cal.

20 App. 4th 824, 835 (2006). California law provides that nondisclosure or concealment can

21 constitute fraud when: (1) "the defendant is in a fiduciary relationship with the plaintiff;" (2) "the

22 defendant had exclusive knowledge of material facts not known to the plaintiff;" (3) "the

23 defendant actively conceals a material fact from the plaintiff;" and (4) "when the defendant makes

24 partial representations but also suppresses some material facts."  Herron v. Best Buy Co., Inc., 924

---

[1] The complaint alleges that on March 25, 2009, Plaintiff Mr. Ferranti "obtained" an alleged defective printer.  See FAC at ¶ 39.  If Plaintiffs file an amended complaint, it will be helpful to this court to know whether Mr. Ferranti purchased the printer, or obtained it through other means.

8
Case No. 5:13-CV-03847-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

F. Supp. 2d 1161, 1174 (E.D. Cal. 2013).

In its motion, HP argues that there is no broad duty to disclose alleged defects. Dkt. No. 39 at 9. HP argues that such a duty does arise, however, when the manufacturer had made a misrepresentation or the alleged defects create an unreasonable risk to plaintiff's safety, none of which Plaintiffs have alleged. Id. Plaintiffs argue that their allegations of HP having superior knowledge of the defect, failing to disclose, and intentionally concealing the defect at the time of sale establishes a duty to disclose. Dkt. No. 40 at 8.

Plaintiffs allege that HP had a duty to disclose the defective nature of the printers, and its failure to disclose constitutes a breach of its duty. Id. at ¶ 77. Plaintiffs, however, do not allege what duty is created between HP and Plaintiff Mr. Martinho. Moreover, Plaintiffs do not allege with particularity how HP had exclusive knowledge of material facts not known to Mr. Martinho when the complaint alleges that there were consumer complaints posted on HP Support Forums and poor reviews on other websites. See FAC at ¶¶ 23-31. Accordingly, HP's motion to dismiss this claim is GRANTED.

## C.   Breach of Warranty Claims

An express warranty is "a contractual promise from the seller that the goods conform to the promise. If they do not, the buyer is entitled to recover the difference between the value of the goods accepted by the buyer and the value of the goods had they been as warranted." Daugherty, 144 Cal. App. 4th at 830.

Here, the warranty at issue provides printers with a one-year limited warranty. See Dkt. No. 39-1, Ex. A at 3.[2] It "warrants to the end-user customer that [HP printers] be free from defects in materials and workmanship for [one year], which duration begins on the date of purchase by the customer." Id. The warranty "covers only those defects that arise as a result of

---

[2] A copy of HP's limited warranty was provided by HP's counsel as an exhibit. Plaintiffs did not provide a copy and did not indicate in their complaint, using quotes, the exact wording of the warranty. See FAC at ¶¶ 33-35. Nonetheless, the exhibit can properly be considered in a motion to dismiss when the contents are alleged in the complaint and the parties do not question its authenticity. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds in Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

9
Case No. 5:13-CV-03847-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

normal use of the product . . . ." Id.  Moreover, "[i]f HP receives, during the applicable warranty period, notice of a defect in any product which is covered by HP's warranty, HP shall either repair or replace the product, at HP's option . . . If HP is unable to repair or replace, as applicable, a defective product which is covered by HP's warranty, HP shall, within a reasonable time after being notified of the defect, refund the purchase price for the product . . . HP shall have no obligation to repair, replace, or refund until the customer returns the defective product to HP . . . Any replacement product may be either new or like-new, provided that it has functionality at least equal to that of the product being replaced." Id.

HP argues that its one-year limited warranty is a warranty for repairing and replacing the product, not a promise that the use of the printer will be uninterrupted and error free. Dkt. No. 39 at 16-17.  Moreover, it argues that if Plaintiffs did have a one-year warranty when they first purchased the printer and another one-year warranty for every replacement printer thereafter, then HP did act according to the terms of the warranty because HP replaced the printer and then repaired it even after the warranty expired. Id. at 18-19.  Additionally, HP argues that Plaintiff Mr. Martinho's allegations are insufficient because he received a free replacement printer, but does not allege that HP refused to repair or replace his second printer or that HP was aware that its efforts to repair were unsuccessful. Id. at 20.

This court is inclined to agree with HP because Plaintiffs' arguments are inconsistent.  On the one hand, Plaintiffs allege that HP failed to replace or repair the defective printers. FAC at ¶¶ 36, 38.  On the other hand, Plaintiffs allege that HP did replace Plaintiffs' printers and that Plaintiffs were able to call HP Tech Support between 2009 and 2013. Id. at ¶¶ 39-40, 42-43, 51-52.  The fact that Plaintiffs did receive replacement printers and were able to get assistance from Tech Support indicates that HP did comply with its warranty.  Plaintiffs suggest that HP should have replaced the printers with "a non-defective printer," but Plaintiffs fail to allege that they requested a wireless printer that was not the alleged defective HP 8500 or 8600 printers, and was denied the request. See id. ¶ 36.  Furthermore, Plaintiffs do not make factual allegations of when

they requested a refund and were denied one.[3] Because Plaintiffs have failed to clearly allege how HP breached its one-year warranty, HP's motion to dismiss this claim is GRANTED.

### D. Plaintiffs' Alternatively Pleaded Arizona and New York Law Claims

Given the deficiencies in the complaint, this court will not, at this time, address the merits of the alternatively pleaded Arizona and New York Law claims.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED. Plaintiffs have leave to amend and can file their second amended complaint addressing the deficiencies stated herein no later than 15 days from the date of this order.

The hearing and Case Management Conference scheduled for September 19, 2014 are VACATED. Because the complaint is presently dismissed in its entirety, the court declines to set a case management schedule at this time. However, the court will address scheduling issues as raised by the parties should it become necessary.

**IT IS SO ORDERED.**

Dated: September 16, 2014

EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs allege that a HP Tech Support agent "offered a discount [to Plaintiff Mr. Ferranti for] a new printer, but never offered a full refund as required by the Warranty in situations where HP is unable to repair or replace a defective printer." FAC at ¶ 45. However, they do not allege that *they* requested a refund and were denied one.

11
Case No. 5:13-CV-03847-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS